IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE BILLINGS, JR., | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:24-CV-129-E |
| | § | (NO. 3:20-CR-286-E) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Lawrence Billings, Jr., under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Having considered the motion, the response, the reply, the record, and applicable authorities, the Court concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

The record in the underlying criminal case reflects the following:

On June 23, 2020, Movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. CR ECF No.[1] 3. Movant signed a factual resume that set forth the penalties he faced, including imprisonment for a term not to exceed 20 years, the elements of the offense, and the stipulated facts establishing that he had committed the offense. CR ECF No. 109. On October 26, 2021, Movant entered his plea of guilty without benefit

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:20-CR-286-E.

of a plea agreement. CR ECF No. 115; CR ECF No. 146. He testified under oath to the facts establishing that his plea was knowing, voluntary, and intelligent. CR ECF No. 146.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 24. CR ECF No. 128, ¶ 19. He received a two-level adjustment for obstruction of justice. *Id.* ¶ 23. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 26, 27. Based on a total offense level of 23 and a criminal history category of IV, his guideline imprisonment range was 70 to 87 months. *Id.* ¶ 69. Movant filed a sentencing memorandum requesting a downward departure or variance. CR ECF No. 137.

The Court sentenced Movant to a term of imprisonment of 85 months. CR ECF No. 139; CR ECF No. 143 (amended to correct typographical error). His counsel argued for a downward departure or variance at sentencing, specifically highlighting Movant's childhood trauma and mental health issues. CR ECF No. 147 at 13–20, 25–26. The Court expressed concern that Movant had a lengthy criminal history including six prior convictions that did not receive criminal history points and that, although he had mental health issues (which the Court considered in mitigation), he had not been deterred from criminal conduct. *Id.* at 27–28. Movant appealed. CR ECF No. 141. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit concurred in the assessment of counsel that the appeal presented no nonfrivolous issue and dismissed the appeal. *United States v. Billings*, No. 22-10987, 2023 WL 3843072 (5th Cir. June 6, 2023).

## II. GROUND OF THE MOTION

Movant alleges that he received ineffective assistance on appeal because counsel failed to raise the fact that the Court had not expressly ruled on his motion for downward departure or variance. ECF No.[2] 2 at 4.[3]

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page references to the motion are to "Page __ of 15" reflected at the top right portion of the document on the Court's electronic filing system.

later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

    B.   Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV.   ANALYSIS

As noted, counsel filed a memorandum including a request for downward departure or variance. CR ECF No. 137. At sentencing, counsel articulated the reasons why the request should

be granted. CR ECF No. 147 at 13–20, 25–26. In imposing a within-guideline sentence, the Court implicitly denied the request. The Court explained the reasons for imposing the sentence, recognizing Movant's mental issues but noting his continued criminal activity. CR ECF No. 147 at 27–28. Movant contends that counsel should have raised the failure to specifically rule on the request as an issue on appeal. ECF No. 2 at 4–6. On appeal, counsel was only required to raise "solid, meritorious arguments based on directly controlling precedent." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). The Fifth Circuit has jurisdiction to consider a district court's refusal to depart downward "only if the district court's refusal is based on the mistaken belief that the court lacked discretion to depart." *United States v. Zavala-Acosta*, 642 F. App'x 439, 440 (5th Cir. 2016) (quoting *United States v. Garay*, 235 F.3d 230, 232 (5th Cir. 2000). The jurisdictional bar applies even where there is an "implicit denial by imposing a Guideline sentence." *Id.* (quoting *United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006)). Movant has not shown that there was any mistaken belief here; nor could he. Because this issue would not have had merit, counsel did not render ineffective assistance in failing to raise it. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **16th day** of **August, 2024**.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE